UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Troy T.,

          Plaintiff,

v.

Andrew Saul, *Commissioner of Social Security*,

          Defendant.

Case No. 0:20-cv-1599 (WMW/KMM)

**REPORT AND RECOMMENDATION**

This matter is before the Court on Troy T.'s motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [ECF No. 32]. Mr. T. seeks $5,220.50 in attorney's fees, and the Commissioner has "no objection to the award of the requested fee of $5,220.50" and notes that, subject to any offset to satisfy a pre-existing debt owed to the United States, an award of fees under the EAJA is payable to Mr. T. as the prevailing party. [Mot., ECF No. 32; Def.'s Resp., ECF No. 39]. For the reasons that follow, the Court recommends that Mr. T.'s motion be granted.

The EAJA provides, in relevant part, that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.* § 2412(d)(1)(A). The statute requires the party seeking an award of fees to file an application within thirty days of the final judgement. *Id.*

1

§ 2412(d)(1)(B). The applicant must show that he is the prevailing party and eligible to receive an award of fees. *Id.* In addition, the application must show "the amount sought, including an itemized statement from any attorney . . . appearing in behalf of the party stating the actual time expended and the rate at which fees . . . were computed." *Id.*

Mr. T. has shown, and it is undisputed, that he is the prevailing party in this case. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1992) (holding that a party who obtains a sentence-four remand is a "prevailing party" under the EAJA); [*see* Order, ECF No. 28 (remanding this matter "pursuant to sentence four")]. The Commissioner's response does not contest the propriety of a fee award of $5,220.50, which the Court construes as a concession that his position in this matter was not substantially justified. *See Youness v. Berryhill*, 17-cv-4108 (DSD/BRT), 2018 WL 4218805, at *1 (D. Minn. Sept. 5, 2019) (construing Commissioner's non-objection to an award of fees as a concession that his position was not substantially justified (citing *Theis v. Astrue*, 828 F. Supp. 2d 1006, 1008 (E.D. Ark. 2011))).

In support of his motion, Mr. T.'s attorneys—James Greenman, Jason Emery, and Patrick Toomey—submitted declarations containing itemized billing records indicating the rate at which the requested fees were computed and the time they spent on various tasks in this litigation. [Decls., ECF Nos. 34–36]. Specifically, Mr. Greenman spent 4.25 hours on this case, Mr. Emery spent 21.25 hours, and Mr. Toomey spent 1 hour. Based

on these declarations, the Court concludes that the hours expended and tasks undertaken were reasonable.

Each of Mr. T.'s attorneys request a fee of $197 per hour for their work. [Mem., ECF No. 33 at 4]. Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Counsel submitted with their motion a Consumer Price Index chart demonstrating an increase in the cost of living since the EAJA's enactment in 1996, arguing that such an increase justifies the $197 hourly rate. [Ex., ECF No. 37; Mem., ECF No. 33 at 3–4]. The Court agrees and concludes that an EAJA award of $5,220.50 is appropriate under the circumstances.

## Recommendation

Based on the foregoing, the Court recommends that Mr. T.'s motion for attorney's fees be **GRANTED**. The Commissioner should be ordered to pay Mr. T. an award of $5,220.50 in attorney's fees under the Equal Access to Justice Act. This payment should be subject to any relevant offset to satisfy pre-existing debt owed to the United States. Finally, the Court recommends that the Order require payment within 60 days.

Date: August 16, 2021                                s/ *Katherine Menendez*
                                                     Katherine Menendez
                                                     United States Magistrate Judge

3

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.